1  JAEMIN CHANG (SBN 232612)
   Jchang@foxrothschild.com
2  **FOX ROTHSCHILD LLP**
   345 California Street, Suite 2200
3  San Francisco, California 94104
   Telephone:   415-364-5540
4  Facsimile:   415-391-4436

5  Attorneys for Plaintiffs Baskin-Robbins
   Franchising LLC; and BR IP Holder LLC
6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 BASKIN-ROBBINS FRANCHISING LLC,      CASE NO. _____
   a Delaware limited liability company; and
12 BR IP HOLDER LLC, a Delaware limited  **COMPLAINT FOR DAMAGES AND
   liability company,                    INJUNCTIVE RELIEF**_____
13
                    Plaintiffs,
14
         v.
15
   FARR HOLDINGS CORPORATION, a
16 California corporation; LAST STEP, INC.,
   a California corporation; and RYAN
17 LARA,

18                  Defendants.

19

20        Plaintiffs Baskin-Robbins Franchising LLC, and BR IP Holder LLC (hereinafter,

21 unless specifically identified, referred to as "Plaintiffs" or "Baskin-Robbins'"), sue De-

22 fendants Farr Holdings Company ("Farr"), Last Step, Inc. ("Last Step"), and Ryan Lara,

23 and allege as follows:

24                       **PRELIMINARY STATEMENT**

25        1.    This is an action for breach of contract, trademark infringement, trade

26 dress infringement, and unfair competition arising from Defendants' repeated violations

27 of their Franchise Agreement and personal guarantees with Plaintiffs.  Defendants were

28 notified that they were in default of the Franchise Agreement based on their failure to

                                            COMPLAINT FOR DAMAGES
                                             AND INJUNCTIVE RELIEF

165345\00011\95775168.v1-5/29/19

1   pay required fees and other amounts to Plaintiffs.  Since receiving notice to cure, De-

2   fendants have continued to not pay amounts due which have escalated the total receiva-

3   ble.  As a result of Defendants' failure to cure the previous monetary defaults,

4   Defendants are no longer entitled to an opportunity to cure their financial defaults.  Ac-

5   cordingly, Plaintiffs recently sent Defendants a Notice of Termination with respect to

6   their Baskin-Robbins franchised business terminating their Franchise Agreement and

7   sublease.  Nonetheless, Defendants failed to pay the remaining amount due, stopped ac-

8   tive operation of the locations and have failed to comply with their post-termination ob-

9   ligations in breach of the Franchise Agreement to de-identify the premises.  Defendants'

10  continued use and enjoyment of Plaintiffs' trademarks, trade name, and trade dress after

11  the effective date of the termination of the Franchise Agreement is a violation of the Lan-

12  ham Act, 15 U.S.C. §§ 1051, et seq.  Plaintiffs seek injunctive relief, monetary damages,

13  and other relief against Defendants for the reasons set forth below.

14                           **JURISDICTION AND VENUE**

15          2.      This action arises, in part, under Chapter 22 of Title 15 of the United States

16  Code, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and presents, inter alia, federal ques-

17  tions involving trademark infringement and unfair competition.

18          3.      This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act,

19  15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367(a).  The

20  amount in controversy, including the objects of the litigation, exceeds $75,000, exclusive

21  of interest and costs.

22          4.      This Court has *in personam* jurisdiction over Defendants because they

23  conduct business in this district, they are residents of this district, and/or the events giv-

24  ing rise to Plaintiffs' claims occurred in this district.

25          5.      This Court has supplemental jurisdiction over any related state law claims

26  pursuant to 28 U.S.C. § 1367.

27          6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because De-

28  fendants reside in this district, a substantial part of the events giving rise to Plaintiffs'

                                        -2-                  COMPLAINT FOR DAMAGES
                                                             AND INJUNCTIVE RELIEF
165345\00011\95775168.v1-5/29/19

1   claims occurred in this district, and/or this is the judicial district in which Defendants

2   are subject to personal jurisdiction.

3                                        **PARTIES**

4          7.     Plaintiff Baskin-Robbins Franchising LLC is a Delaware limited liability

5   company with its principal place of business at 130 Royall Street, Canton, Massachu-

6   setts.  It is engaged in the business of franchising independent business persons to oper-

7   ate Baskin-Robbins shops throughout the United States.  Baskin-Robbins franchisees

8   are licensed to use the trade names, service marks, and trademarks of Baskin-Robbins

9   and to operate under the Baskin-Robbins system, which involves the production, mer-

10  chandising, and sale of ice cream and related products utilizing a specially designed

11  building with special equipment, equipment layouts, interior and exterior accessories,

12  identification schemes, products, management programs, standards, specifications, pro-

13  prietary marks and identification.

14         8.     Plaintiff BR IP Holder LLC, is a Delaware limited liability company with its

15  principal place of business at 130 Royall Street, Canton, Massachusetts.  BR IP Holder

16  LLC is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and

17  related marks.

18         9.     The sole member of plaintiff Baskin-Robbins Franchising LLC is DB Fran-

19  chising Holding Company LLC, which is a Delaware limited liability company with its

20  principal place of business at Canton, Massachusetts.  In turn, the sole member of DB

21  Franchising Holding Company LLC is DB Master Finance LLC.  As stated above, DB

22  Master Finance LLC is a Delaware limited liability company with its principal place of

23  business in Canton, Massachusetts.  In turn, the sole member of DB Master Finance LLC

24  is Baskin-Robbins International LLC, a Delaware limited liability company.  The sole

25  member of Baskin-Robbins International LLC is Baskin-Robbins Flavors LLC, a Dela-

26  ware limited liability company.  The sole member of Baskin-Robbins Flavors LLC is

27  Baskin-Robbins USA LLC, a California limited liability company.  The sole member of

28  Baskin-Robbins USA LLC is Baskin-Robbins LLC, a Delaware limited liability company.

-3-

165345\00011\95775168.v1-5/29/19

The sole member of Baskin-Robbins LLC is Mister Donut of America LLC, a Delaware limited liability company.  The sole member of Mister Donut of America LLC is Dunkin' Donuts USA LLC, a Delaware limited liability company.  The sole member of Dunkin' Donuts USA LLC is Dunkin' Donuts LLC, a Delaware limited liability company.  The sole member of Dunkin' Donuts LLC is Dunkin' Brands, Inc., a Delaware corporation.  The principal place of business of all the foregoing entities is at Canton, Massachusetts.

10.     Defendant Farr is a California corporation with its principal place of business in Roseville and was the owner and operator of a retail Baskin-Robbins shop located at 8690 Sierra College Boulevard, Suite 150, Roseville, CA 95661 pursuant to a Franchise Agreement with Baskin-Robbins Franchising LLC dated November 28, 2007.

11.     Defendant Last Step is a California corporation with its principal place of business in Placerville and was the owner and operator of a retail Baskin-Robbins shop located at 1216A Broadway, Placerville, CA 95667 pursuant to a Franchise Agreement with Baskin-Robbins Franchising LLC dated June 1, 2014.

12.     Defendant Ryan Lara ("Guarantor") is a natural person and, upon information and belief, a citizen and resident of the state of California.  He has personally guaranteed the obligations of the corporate defendants pursuant to a personal guarantee executed with respect to each Franchise Agreement.  He is also the CEO and a director of both corporate defendants, Farr and Last Step.

## FACTUAL BACKGROUND

13.     Baskin-Robbins Franchising LLC is the franchisor of the Baskin-Robbins franchise system.

14.     BR IP Holder LLC is the owner of the trademarks, service marks, logos, emblems, trade dress and trade name "Baskin-Robbins," and related marks.  Baskin-Robbins has the exclusive license to use and license others to use these marks and trade name and has used them continuously since approximately 1946 to identify Baskin-Robbins shops, and the ice cream and other products associated with those shops.

15.     BR IP Holder LLC owns numerous federal registrations for the mark

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

"Baskin-Robbins" or derivations thereof, as well as related marks.  Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065.  Each registration is prima facie evidence of the validity of the registration of BR IP Holder LLC's ownership of the Baskin-Robbins marks, and of Baskin-Robbins' exclusive right to use those marks in commerce on the services and goods listed above, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

16.     Plaintiff BR IP Holder LLC is the registrant of these Baskin-Robbins® trademarks which Defendants are using:  Nos. 1,185,045 dated January 5, 1982, 3,346,956 dated December 4, 2007, 3,346,955 dated December 4, 2007, 3,346,957 dated December 4, 2007, 3,346,954 dated December 4, 2007, 3,779,293 dated April 20, 2010, and 3,779,292 dated April 20, 2010.

17.     The Baskin-Robbins marks are utilized in interstate commerce.

18.     The Baskin-Robbins marks have been very widely advertised and promoted by Baskin-Robbins over the years.  As a result, the Baskin-Robbins marks have become famous throughout the United States.

19.     Baskin-Robbins and its franchisees currently operate more than 7,800 shops worldwide, including over 2,500 shops in the United States.  In the more than sixty seventy (70) years since the Baskin-Robbins system began, millions of customers have been served in Baskin-Robbins shops.

20.     As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins marks, the public has come to know and recognize the Baskin-Robbins marks, and associate them exclusively with products and services offered by Baskin-Robbins and its franchisees.  The Baskin-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Baskin-Robbins, representing and embodying Baskin-Robbins' considerable goodwill and favorable reputation.

## OBLIGATIONS UNDER THE FRANCHISE AGREEMENTS

21.     On November 28, 2007, Farr entered a Franchise Agreement with Baskin-

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Robbins Franchising LLC, which granted it the right a franchise to operate a Baskin-Robbins shop utilizing the Baskin-Robbins system (the "Franchise Agreement").

22.     Farr was licensed to use the Baskin-Robbins trademarks, trade names, and trade dress in accordance with the terms of its Franchise Agreement.

23.     Under the Franchise Agreement, Defendant agreed to use Baskin-Robbins' proprietary marks, including, but not limited to, their trademarks, service marks, logos, emblems, trade dress and other indicia of origin, only in the manner and to the extent specifically licensed by the Franchise Agreement.  (Franchise Agreement, Terms and Conditions §§ 2.1, 2.4(a) and 9.0).

24.     Under the Franchise Agreement, Defendant agreed to, among other things, (i) pay a franchise fee equal to 5.9% of gross sales of the business, (ii) pay an advertising fee equal to 5.0% of gross sales of the business, (iii) pay late fees, interest and costs on unpaid monies due under the Franchise Agreement, and (iv) pay all sums owing and any damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of Defendants' defaults.  (Franchise Agreement §§ 5.2, 5.3, 5.7, 14.4.4 and 14.7.1).

25.     Farr agreed that it would be in default under the Franchise Agreement if it breached any obligation under the Franchise Agreement, including failing to pay any of the required fees.  (*Id*. § 14.0.1).

26.     Farr agreed that Baskin-Robbins may terminate the Franchise Agreement if Defendant defaulted under the Franchise Agreement or if it failed to timely cure any default.  (*Id*. § 14.6).

27.     In addition, Farr agreed that it would be a default under the Franchise Agreement if it failed to pay any of the required fees and, after receiving written notice of the failure to pay and seven (7) days to cure the default, if the default remained uncured, that Baskin-Robbins would have the right to terminate the Franchise Agreement.  (*Id*. § 14.1.2).

28.     Farr agreed that upon the termination of the Franchise Agreement, its right to use the Baskin-Robbins proprietary marks and system would cease, and it would

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1    immediately cease to operate the franchised businesses, cease to use the proprietary

2    marks and system, and would not, directly or indirectly, hold itself out as a present or

3    former Baskin-Robbins' franchisee.  (*Id*. §§ 14.6, 14.7.2 and 14.7.3).

4         29.    Farr agreed that any unauthorized use of the Baskin-Robbins proprietary

5    marks following termination of the Franchise Agreement would result in irreparable

6    harm to Baskin-Robbins, and would constitute willful trademark infringement.  (*Id*. §§

7    9.3, 10.3, 10.4 and 14.5).

8         30.    On June 1, 2014, Last Step entered into a Franchise Agreement with

9    Baskin-Robbins Franchising LLC, which granted it the right to operate a Baskin-Robbins

10   shop utilizing the Baskin-Robbins System.

11        31.    Last Step was licensed to use the Baskin-Robbins trademarks, trade

12   names, and trade dress in accordance with the terms of its Franchise Agreement.

13        32.    Under the Franchise Agreement, Defendant agreed to use Baskin-Robbins'

14   proprietary marks, including, but not limited to, their trademarks, service marks, logos,

15   emblems, trade dress and other indicia of origin, only in the manner and to the extent

16   specifically licensed by the Franchise Agreement.  (Franchise Agreement, Terms and

17   Conditions §§ 2.1, 2.4(a) and 9.0).

18        33.    Under the Franchise Agreement, Defendant agreed to, among other things,

19   (i) pay a franchise fee equal to 5.9% of gross sales of the business, (ii) pay an advertising

20   fee equal to 5.0% of gross sales of the business, (iii) pay late fees, interest and costs on

21   unpaid monies due under the Franchise Agreement, and (iv) pay all sums owing and any

22   damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a

23   result of Defendants' defaults.  (Franchise Agreement §§ 5.2, 5.3, 5.7, 14.4.4 and 14.7.1).

24        34.    Last Step agreed that it would be in default under the Franchise Agreement

25   if it breached any obligation under the Franchise Agreement, including failing to pay any

26   of the required fees.  (*Id*. § 14.0.1).

27        35.    Last Step agreed that Baskin-Robbins may terminate the Franchise Agree-

28   ment if Defendant defaulted under the Franchise Agreement or if it failed to timely cure

-7-

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  any default. (*Id*. § 14.6).

2  36.    In addition, Last Step agreed that it would be a default under the Franchise

3  Agreement if it failed to pay any of the required fees and, after receiving written notice of

4  the failure to pay and seven (7) days to cure the default, if the default remained uncured,

5  that Baskin-Robbins would have the right to terminate the Franchise Agreement. (*Id*. §

6  14.1.2).

7  37.    Last Step agreed that upon the termination of the Franchise Agreement, its

8  right to use the Baskin-Robbins proprietary marks and system would cease, and it would

9  immediately cease to operate the franchised businesses, cease to use the proprietary

10 marks and system, and would not, directly or indirectly, hold itself out as a present or

11 former Baskin-Robbins' franchisee. (*Id*. §§ 14.6, 14.7.2 and 14.7.3).

12 38.    Last Step agreed that any unauthorized use of the Baskin-Robbins proprie-

13 tary marks following termination of the Franchise Agreement would result in irreparable

14 harm to Baskin-Robbins, and would constitute willful trademark infringement. (*Id*. §§

15 9.3, 10.3, 10.4 and 14.5).

16 39.    Defendant Ryan Lara ("Guarantor"), personally guaranteed the obligations

17 of the corporate defendants' obligations under their respective Franchise Agreements.

18 (*Id*. at Guarantee.)

19 **DEFENDANTS' DEFAULT AND TERMINATION**

20 40.    Defendants breached the Franchise Agreements and the Personal Guaran-

21 tees, as applicable, by failing to pay the required fees, and/or other amounts owed to

22 Plaintiffs.

23 41.    Pursuant to the applicable provisions of the Franchise Agreement, Baskin-

24 Robbins sent defendants Notices to Cure notifying defendants that they were in default

25 of the Franchise Agreements based on their failure to pay required fees.

26 42.    Since receiving the Notices to Cure, defendants are continuing in default of

27 each Franchise Agreement based on its failure to pay required fees to Baskin-Robbins.

28 43.    As a result of Defendants' failure to cure their defaults under the Franchise

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  Agreement and sublease, pursuant to Sections 14.1.2 and 14.2 of the Franchise Agree-

2  ment, Baskin-Robbins sent Defendants Notices of Termination with respect to the fran-

3  chised business (the "Notice of Termination").  The Notices of Termination terminated

4  the Franchise Agreements, stated the grounds for termination, and requested that De-

5  fendants immediately comply with their payment and de-identification obligations as set

6  forth in the Franchise Agreement.

7       44.  Notwithstanding Defendants' non-performance under the Franchise

8  Agreements, the resulting termination of the Franchise Agreement, and the Notices of

9  Termination, Defendants have stop operating the Baskin-Robbins shop using Baskin-

10  Robbins' marks and system but have failed to de-identify the locations.

11       45.  Defendants' continued unauthorized use of the Baskin-Robbins marks and

12  system is causing and will continue to cause Baskin-Robbins irreparable harm as Plain-

13  tiffs cannot de-identify Defendants' places of business.

14       46.  Plaintiffs have been forced to engage undersigned counsel to represent

15  them in this case.

16       47.  Plaintiffs are obligated to pay undersigned counsel a reasonable fee for

17  professional services provided in this case.

18  **<u>COUNT I</u>**

19  **Breach of Contract - Breach of the Franchise Agreement**

20  **(Against Defendants Farr and Last Step)**

21       48.  The allegations of the proceeding paragraphs are hereby incorporated by

22  reference.

23       49.  Baskin-Robbins has performed all of its obligations under the Franchise

24  Agreements.

25       50.  Corporate defendants' conduct described herein constitutes a breach of the

26  above-described contractual obligations contained in the Franchise Agreement.

27       51.  That breach constitutes good cause for terminating the Franchise Agree-

28  ments.

-9-

52.   As a result of corporate defendants' actions and inactions, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in the current amount of $10,222.62 for receivables owed by Farr, and $7,958.07 owed by Last Step, plus reasonable attorneys' fees and costs.

### COUNT II

**Breach of Contract - Breach of Personal Guarantee**

**(Against Defendant Ryan Lara)**

53.   The preceding allegations are hereby incorporated by reference.

54.   Baskin-Robbins has performed all of its obligations under the Franchise Agreement.

55.   The conduct of Ryan Lara ("Guarantor") described herein constitutes a breach of the above-described contractual obligations in the Franchise Agreements and written Guaranty.

56.   Guarantor's breach constitutes good cause for terminating the Franchise Agreement.

57.   Pursuant to the terms of the Personal Guarantee, the Guarantor agreed, among other things, that upon a default under the Franchise Agreements, he would immediately make each payment and perform each obligation required by those agreements.

58.   Despite Guarantor's obligation to do so, he has failed to make any payments or perform the obligations required by the Franchise Agreements.

59.   As a result of Guarantor's actions or inactions, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in the current amount of not less than $20,000, plus attorneys' fees, interest and costs.

//

//

-10-

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

## COUNT III

### Trademark Infringement

### (All Defendants)

60.     The preceding allegations are hereby incorporated by reference.

61.     Defendants' use in commerce of the Baskin-Robbins trademarks and trade names outside the scope of the Franchise Agreement and without Baskin-Robbins' consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Baskin-Robbins.  Such unauthorized use of the Baskin-Robbins trademarks and trade names infringes the exclusive rights in its trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable state law.

62.     Defendants' acts were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

63.     As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT IV

### Unfair Competition

### (All Defendants)

64.     The preceding allegations are hereby incorporated by reference.

65.     Defendants' use in commerce of Baskin-Robbins' trademarks and trade names by Defendants outside the scope of the Franchise Agreement and without Baskin-Robbins' consent is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person.  Such unauthorized use of Baskin-Robbins' trademarks and trade names violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

66.     The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

67.     As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT V

### Trade Dress Infringement

### (All Defendants)

68.     The preceding allegations are hereby incorporated by reference.

69.     Defendants' shop is identified by signs, exterior appearance, packaging, containers, and other items on which the words "Baskin-Robbins" appear in the same lettering style and in the same distinctive color scheme that Baskin-Robbins uses for the shops operated by Baskin-Robbins' licensees.

70.     Defendants' use of trade dress that is identical to the Baskin-Robbins trade dress outside the scope of the Franchise Agreement constitutes a false designation of the origin, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shops with the Baskin-Robbins shops operated by Baskin-Robbins' licensees.  Such adoption of Baskin-Robbins' trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

71.     The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake or deceive.

72.     As a result of the actions of Defendants, Plaintiffs have suffered and are continuing to suffer irreparable harm, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1.     Enter a declaratory judgment that Defendants' conduct violated the terms of the Franchise Agreements and constituted good cause for termination of the agreement;

2.     Enter an order ratifying and enforcing the termination of the Franchise

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

165345\00011\95775168.v1-5/29/19

1   Agreements as of the effective date contained in the Notices of Termination;

2       3.      Enjoin Defendants, and their agents, servants, employees and attorneys,

3   and all others in active concert or participation with them, from infringing upon the

4   Baskin-Robbins trademarks, trade names, and trade dress, and from otherwise engaging

5   in unfair competition with Baskin-Robbins;

6       4.      Enjoin Defendants, and their agents, servants, employees and attorneys,

7   and all others in active concert or participation with them, to comply with all post-termi-

8   nation monetary and de-identification obligations under any contract with Plaintiffs, in-

9   cluding but not limited to, the Franchise Agreements and Personal Guarantees;

10      5.      Enter a judgment in favor of Plaintiffs for the damages incurred as a result

11  of the breaches of the Franchise Agreements and Personal Guarantees, in an amount

12  subject to proof but not less than $20,000.00;

13      6.      Award Plaintiffs prejudgment interest in accordance with Section 35 of the

14  Lanham Act, 15 U.S.C. § 1117, and applicable law;

15      7.      Award Plaintiffs their costs and attorneys' fees incurred in connection with

16  this action pursuant to the Franchise Agreements, personal guarantees, and Section 35

17  of the Lanham Act, 15 U.S.C. § 1117; and

18      8.      Award plaintiffs such other relief as this Court may deem just and proper.

19  Dated:  May 28, 2019.

20                          FOX ROTHSCHILD LLP

21

22                              /s/ Jaemin Chang
                            By_____
23                              JAEMIN CHANG
                            Attorneys for Plaintiffs Baskin-Robbins Fran-
24                          chising LLC and BR IP Holder LLC.

25

26

27

28

-13-                                    COMPLAINT FOR DAMAGES
                                        AND INJUNCTIVE RELIEF